**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

United States District Court
Eastern District of New York

1:19-cv-04507

| | |
|---|---|
| Nicholas Tsirigos, Vaseleke Inembolidis, James Arnold, Allen Moure, Jane Doe, individually and on behalf of all others similarly situated<br><br>                    Plaintiffs<br><br>        - against -<br><br>Capital One Bank (USA), N.A.<br><br>                    Defendant | Complaint |

Plaintiffs by attorneys alleges upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1. Capital One Bank (USA), N.A. ("defendant") provides credit card services credit card services under the Capital One band ("Services") to customers throughout the United States.

2. Defendant solicited and promoted its Products and Services to plaintiff and class members through multimedia campaigns, including television, digital, radio and print mediums, direct to consumer promotions and partnerships with leading non-profit organizations.

3. In July 2019, the personal, financial and bank account information of plaintiffs and class members was revealed as compromised.

4. In particular, the compromised information included first and last names, addresses, zip codes, birthdays, credit scores, payment history, Social Security Numbers and bank account information linked with defendant.

5. The most recent reports indicate the breach occurred in March 2019 but defendant failed to inform plaintiffs and class members until one week ago.

6. This caused over 100 million users of defendant's services to have their personal and financial exposed for five months.

7. Defendant made data security one of its primary selling points in competing for customers in the highly competitive credit card industry, through use of technologies and numerous disclosures in customers' mailboxes pertaining to its privacy and security policies.

8. Defendant's failure as illustrated by the DBI reveals a gap between what defendant showed customers and the actual practices it followed, away from the bright lights.

9. Defendant had previously been vulnerable to data intrusions which should have resulted in hardening its defenses against repeated efforts of cyber-criminals.

10. Reports have indicated that if defendant took reasonable, industry-standard steps and followed "best practices" associated with hiring and retention of personnel and contractors, either this data breach incident would not have occurred or it would not have lasted as long as it did, and the harms to plaintiff and class members would have been mitigated.

11. If Defendant had done these tasks, it is more likely than not that the breach would have not occurred, or at least, its effect would have been minimized.

12. Plaintiffs and class members have and will endure loss of use of and access to bank and credit card accounts which will snowball to the inability to make required payments on rent, mortgages, cars and utilities.

13. Defendant has been able to profit through skimping on data security while charging interest rates close to 30%.

14. It is expected that the private information of plaintiffs and class members is for sale

on the "dark web" and will be used for nefarious and mischievous ends, which ultimately will harm plaintiffs and class members in time, money and reputation.

## Jurisdiction and Venue

15. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

16. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

17. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods and services within New York.

18. Venue is proper because plaintiffs and many class members reside in this District and defendant does business in this District and State.

19. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

20. Plaintiff Tsirigos is a citizen of Kings County, New York.

21. Plaintiff Inembolidis is a citizen of Geauga County, Ohio.

22. Plaintiff Arnold is a citizen of Montrose County, Colorado.

23. Plaintiff Moure is a citizen of New London County, Connecticut.

24. Jane Doe plaintiffs are citizens of the 46 states for which the identity of a named plaintiff has not been disclosed, but who were affected in the same manner as the Named Plaintiffs.

25. The allegations as related to laws of other states where no named plaintiff has been disclosed serves as a placeholder upon joinder or amendment.

26. Defendant is a subsidiary of Capital One Financial Corporation.

27. Defendant is a national banking association chartered under the laws of the United States with its principal place of business in Glen Allen, Virginia (Henrico County) and its main office in McLean, Virginia.

28. During the class period, Named and Jane Doe Plaintiffs used the Products and/or Services of defendant, for personal use, consumption or application with the representations described herein, with the above-referenced assurances that defendant would adequately and competently protect their private data, within their districts and/or states.

29. Named and Jane Doe Plaintiffs used the Products and/or Services based upon the representations of defendant with respect to the assurances their personal information would be secured against intrusion from cyber criminals.

## Class Allegations

30. The classes will consist of all consumers in all 50 states with sub-classes for the individual states.

31. The present complaint contains Named Plaintiffs from: New York, who will represent his/her/their state sub-classes of persons who used the Products or Services of defendant during the statutes of limitation.

32. Common questions of law or fact predominate and include whether plaintiffs' and class members' personal financial data was compromised, causing them harm, and if defendants took reasonable measures to prevent or mitigate the harm, and whether plaintiffs and class members are entitled to damages.

33. Named and Jane Doe Plaintiffs' claims and the basis for relief are typical to other members because all were subjected to the same representations.

34. Named Plaintiffs are adequate representatives because their interests do not conflict with other members.

35. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

36. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

37. Named and Jane Doe Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

38. Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350, California Consumers Legal Remedies Act, Civ. Code §§ 1750-1785 ("CLRA") and Consumer Protection Statutes of Other States and Territories</u>

39. Named and Jane Doe Plaintiffs assert causes of action under the consumer protection statutes of the all 50 states, with Named Plaintiff asserting the consumer protection laws of his or her individual state.

   a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;
   b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;
   c. Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521 *et. seq.*;
   d. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;
   e. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;
   f. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;
   g. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;
   h. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;
   i. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;
   j. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes* § 501.201, *et. seq.*;
   k. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;
   l. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;
   m. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;
   n. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;
   o. Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 *et. seq.*;
   p. Iowa Code §§ 714.16 *et. seq.*;

q. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;
r. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;
s. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;
t. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;
u. Maryland Consumer Protection Act, Md. Code, Com. Law § 13-101 *et seq.*;
v. Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;
w. Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;
x. Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;
y. Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;
z. Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;
aa. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;
bb. Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;
cc. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;
dd. New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;
ee. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;
ff. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;
gg. New York General Business Law ("GBL") §§ 349 & 350;
hh. North Carolina
ii. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;
jj. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;
kk. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;
ll. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);
mm. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1 *et. seq.*;
nn. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;
oo. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;
pp. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;
qq. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*;
rr. Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41 *et. seq.*;
ss. Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 *et. seq.*;
tt. Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;
uu. Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196 *et. seq.*;
vv. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;
ww. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;
xx. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*; and
yy. Wyoming Consumer Protection Act, Wyo. Stat. Ann.§§ 40-12-101 *et. seq.*;

40. Named Plaintiffs and Jane Doe Plaintiffs and class members assert causes of action under the consumer protection laws of their States, *supra*.

41. Named plaintiffs assert causes of action under the consumer protection and data privacy laws of their states, *supra*, including but not limited to New York General Business Law §§ 349-350 and California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA").

42. Defendant's acts, practices, representations and omissions related to their adherence to data protection practices that purportedly would safeguard the information of plaintiff and class members are not unique to the parties and have a broader impact on the public.

43. Plaintiffs and class members were directed by defendant to entrust it with their personal financial data and assured it would not be disclosed to unauthorized persons and that best practices would be employed to prevent or mitigate such disclosure.

44. After mailing appropriate notice and demand, Named and/or Jane Doe Plaintiffs who reside in a State where notice is required prior to seeking damages under that State's Consumer Protection Statutes, will have mailed and/or have amended this complaint to request damages. Cal. Civil Code § 1782(a), (d); Mass. UDAP, Mass. Gen Laws ch. 93A, etc.

45. Named and/or Jane Doe Plaintiffs from California will seek injunctive and equitable relief and attorney fees for that State's sub-class for CLRA violations. Civ. Code § 1780(a); Cal. Bus. & Prof. Code § 17203.

46. The representations and omissions were relied on by Named and Jane Doe Plaintiffs and class members, who paid more than they would have, causing damages.

Breach of Contract

47. Plaintiff re-alleges the paragraphs above.

48. Plaintiff and Class members entered into a contract with Defendant for the provision of credit in return for their promise to repay said credit, accompanied by assurances and warranties their payment and personal information would be safeguarded.

49. Plaintiffs and class members were given assurances in the form of defendant's code of conduct, terms of services, privacy policies, etc., that industry-standard, reasonable and practical measures would be taken, at all steps so their private data would be protected.

50. The terms of defendant's privacy policy, code of conduct and terms of services, are part of the contract.

51. Plaintiff and Class members performed substantially all required of them under their contract with defendants, or they were excused from doing so.

52. Defendants failed to perform its obligations under the contract, including by failing to provide adequate privacy, security, and confidentiality safeguards for Plaintiff's and Class member's information and documents.

53. As a direct and proximate result of defendants breach of contract, Plaintiff and Class members did not get what they expected – laboratory services which protected their sensitive personal data, and instead received laboratory services that were less valuable than described to them because the terms did not disclose defendants would fail to comply with safeguarding their data.

54. Plaintiff and Class members were damaged in an amount at least equal to the difference in value between that which was promised and Defendants' deficient performance.

55. Also as a result of Defendants' breach of contract, Plaintiff and Class members have suffered actual damages resulting from the exposure of their personal information, and they remain at risk of suffering additional damages.

56. Accordingly, Plaintiff and Class members have been injured by Defendants' breach of contract and are entitled to damages and/or restitution in an amount to be proven at trial.

## Negligence and Negligence Per Se

57. Named and Jane Doe Plaintiffs and class members incorporate by reference all preceding paragraphs.

58. Defendants violated N.Y. Gen. Bus. Law § 899-aa and similar laws of the other 49 states by failing to properly disclose the data breach.

59. Class members are within the class of persons that the aforesaid laws were intended to protect because they are residents of these states.

60. The harm which occurred due to Defendant's Data Breach is the type of harm that these laws were intended to protect.

61. Specifically, this is the harm of the unauthorized access or disclosure of personal information due to a failure to maintain reasonable security procedures.

62. Defendants had a duty of reasonable care to safeguard the privacy, confidentiality, and security of Plaintiff's and Class members' personal information and documents and comply with the terms of its own privacy and security policy.

63. Defendants breached this duty of care by failing to adequately safeguard the private and confidential personal information and records of plaintiff and class members.

64. Defendants breached their duty of care FTC Act Section 5, the Consumers Legal Remedies Act (CA) and the GLB Act.

65. As a direct and proximate result of Defendants' breach of their duty of care, Plaintiff and the Class suffered injury.

## Unjust Enrichment

66. Named and Jane Doe Plaintiffs incorporate by references all preceding paragraphs.

67. Defendant obtained benefits and monies because the Services or Products were not as represented and expected, *viz,* they were not accompanied by adequate, industry-standard security protocols, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Named and Jane Doe Plaintiffs demand a jury trial on all issues.

**WHEREFORE,** Named and Jane Doe Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying named plaintiffs as representatives and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   August 6, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021

(516) 303-0552<br>
spencer@spencersheehan.com<br>
E.D.N.Y. # SS-8533<br>
S.D.N.Y. # SS-2056

1:19-cv-04507
United States District Court
Eastern District of New York

Nicholas Tsirigos, Vaseleke Inembolidis, James Arnold, Allen Moure, Jane Doe individually and on behalf of all others similarly situated

                                          Plaintiff

    - against -

Capital One Bank (USA), N.A.

                                          Defendant

## Complaint

```
Sheehan & Associates, P.C.
 505 Northern Blvd., #311
   Great Neck, NY 11021
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 6, 2019

                                                            /s/ Spencer Sheehan
                                                              Spencer Sheehan